No. 9377.

EMPLOYERS' MUTUAL INSURANCE COMPANY ET AL. *v.* INDUS-
TRIAL COMMISSION ET AL.

1. STATUTES—*Construction.* The workmen's compensation act (Laws
1915, c. 179) is to be liberally construed for the protection of
the employee.

2. INDUSTRIAL COMMISSION—*Authority.* Upon hearing the applica-
tion of an injured workman for compensation, at a time so near
the incurring of the injury that the extent thereof cannot be
satisfactorily ascertained, the Commission may make an allow-
ance, and give leave to the workman to apply at a later day for
further compensation.

If upon further hearing new disabilities are manifest the Commis-
sion may make new findings, and an increased award.

It appearing upon a second hearing that the claimant had suffered
an injury usually fatal, that his sight and hearing were im-
paired, that he was affected with vertigo and headaches, and
entirely unable to follow his usual calling, and that this condi-
tion would probably be permanent, a finding that he had suf-
fered a loss of twenty-five per cent of his earning capacity, and
an increased award accordingly, was approved.

3. —— *Procedure of the Commission—Evidence.* The Commission
should first ascertain the extent of the disability, and whether
permanent or not. If the disability is ascertained to be perma-
nent they should ascertain the life expectancy of the claimant
as an aid in fixing the aggregate due the claimant under the
statute.

4. —— *Allowance—Amount.* The only restriction made by the statute
upon the allowance to claimant, is as to the weekly stipend
which is not to exceed $8.00.

5. —— *Allowance not to be Enjoined.* Payment of the weekly allow-
ance is not to be stayed by injunction, pending a controversy
over its propriety, or the amount.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. L. WARD BANNISTER, Mr. LEROY MCWHINNEY, Mr.
SAMUEL JANUARY, for plaintiffs in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. CHARLES
ROACH and Mr. JOHN L. SCHWEIGERT, assistant attorneys
general, and Mr. WALTER E. SCHWED, for defendants in
error.

Mr. Justice Bailey delivered the opinion of the court.

IN this case it is sought to have set aside a finding and award of the State Industrial Commission. In January, 1916, Thomas Pier, hereinafter called the claimant, was injured by the fall of a rock in a mine of The Leyden Coal Company, where he was employed. By agreement, approved by the commission, he was allowed $8.00 per week from February 20th, 1916. In August, 1916, upon hearing the commission found that as a result of the injury he had lost twenty per cent of the hearing of both ears, forty-five per cent of the use of the left eye, and had suffered a permanent facial disfigurement. Taking as a basis the specific indemnity schedule of the Compensation Law, and the average wages of the claimant, together with the partial disabilities as above set out, the commission found that claimant should receive $8.00 per week for approximately sixty-one weeks, or until April 20th, 1917, aggregating $468.40; that deducting the amount already paid, claimant was entitled to $340.82, including $50.00 as indemnity for permanent facial disfigurement, and the order provided that he might apply for further compensation after April 20th, 1917, should his disability extend beyond that date. By specific order the commission retained jurisdiction of the case.

Presently before the 20th of April, 1917, claimant filed a petition for further compensation, and a hearing was had, following which, on June 6th, 1917, a finding was entered to the effect that the claimant was permanently partially disabled to the extent of twenty-five per cent; that his expectancy of life was 21.12 years; that had his disability been total the value of such expectancy, computed at $8.00 per week, would be $8,785.92, twenty-five per cent of which would be $2,196.45; that the maximum indemnity allowed under the compensation law is $2,080.00, and claimant was allowed further compensation at the rate of $8.00 per week, or $34.72 per calendar month, until he should receive $2,080.00, less the amount already paid him. The order

further provided that the insurer might at any time apply to the commission for such relief as might be proper should changes occur in the physical condition of claimant.

The Leyden Coal Company and The Employers' Mutual Insurance Company applied for a rehearing, which was denied. They then filed their complaint in the District Court against the commission and the claimant. That court affirmed the findings and award and the companies bring the case here for review.

In substance the errors alleged are that the method of calculating the amount of compensation is wrong, the amount awarded excessive, and the payments thereof unlawfully augmented; that the finding of a disability of twenty-five per cent is erroneous, as including improper elements; that the findings do not support the award; and that there is no evidence to support findings of disabilities, other than those existing prior to the award of August, 1916, which it is insisted have already been finally and fully compensated.

The method used to calculate the amount of compensation appears to have not only been a proper one, but the only practicable one. It was plainly necessary to discover to what extent claimant was disabled, as that is the basis upon which he was to be compensated, and without which determination he could receive no compensation. The extent of the disability having been ascertained, and the condition determined to be permanent, it was permissible for the commission to ascertain and consider the life expectancy of claimant as an aid to fixing the aggregate amount due him under the statute. Inasmuch as the statute provides a maximum amount which a claimant may receive for permanent partial disability, his life expectancy is at least a proper element for consideration to assist in determining whether he is entitled to the full maximum allowance or a less sum.

The insurance company vigorously assails the order compelling payment of $8.00 per week on the ground that

claimant is entitled to only approximately $2.50 per week. Under the compensation act the only restriction is as to the weekly allowance, which is limited to not more than $8.00 per week. Section 57 of the act provides that, after six months from the date of injury, payments may be ordered made "in such manner as it" (the commission) "may determine to be for the best interest of the parties concerned." The act is to be construed liberally for the protection of the employee, in reference to payments for disability. *In re Meley*, 219 Mass. 136, 106 N. E. 559.

The basis of the objection on the part of the insurance company to the payment of the sum found to be due under the compensation award, in payments of $8.00 per week, rather than the smaller sum, is that this increase in weekly payments operates to the detriment of the company, for the reason that the longer the time given it to complete the payment, the more likelihood there will be that claimant will die, and so relieve the insurer of further liability. While this may be, and probably is, true, as matter of fact, it is neither a legal nor logical reason for denying the right of the commission to use its discretion in the matter of the size of the weekly installments, after the lapse of the first six months immediately following the injury.

The finding that claimant was disabled to the extent of twenty-five per cent of normal effectiveness is not erroneous, either because it includes improper elements, or elements for which adjustment has already been made. When the award of August, 1916, was made the full extent of claimant's disabilities were not ascertained, nor could they be then ascertained and compensated with justice either to the claimant or the insurer. As was said in *Lamieux's case*, 223 Mass. 346, 111 N. E. 782:

"It is common knowledge that the result of physical injuries are very often not determinable at the time they are received. In the common course of events, a requirement that such results shall be stated is to demand the performance of an impossible thing."

The finding and award of August, 1916, was not final in the sense that, regardless of the future physical condition of claimant, neither he nor the insurer should be permitted to show such physical change. For this reason the commission not only had the right, but it was its legal duty, to retain jurisdiction of the case for further action and award if the facts should so warrant. The finding and award made at the first hearing are abundantly supported by the evidence, and can not now be properly disturbed.

The decree of June 7th, 1917, was based upon the evidence taken at a previous hearing, at which it was shown that the original disability of the claimant had grown worse, and that new disabilities were manifesting themselves. Thereupon the commission made new findings and a new award, which manifestly are supported by competent evidence, and which may not, therefore, be lawfully overturned by this court. As neither the first nor the second findings of fact were in excess of the powers of the commission, nor procured by fraud, and as both are supported by sufficient competent evidence, there is no ground for attack upon either.

Claimant was found to have suffered a fracture of the base of the skull, usually a fatal injury, as a result of which his sight and hearing were impaired, and he suffered from dizziness, headache and general disability; he was unable to work at his occupation of mining coal, by which he was accustomed to earn $18.00 per week; he was unable to do any hard work for long at a time; and that his condition would probably be permanent. Upon these facts he was adjudged to have suffered a loss of twenty-five per cent of his earning capacity, and payment was ordered accordingly, with the right to have payment reduced at any time upon proof of an improvement in his physical condition. So far as the insurer is concerned, the findings and award could not well have been made more equitable, and were and are clearly within the letter and spirit of the compensation act.

In reaching a conclusion the commission appears to have

proceeded in an expeditious and summary manner, as is the rule in compensation cases, with no more formality, technicality or restrictions than are necessary to preserve the rights of both parties, and administer justice. *In re Hunnewell*, 220 Mass. 351, 111 N. E. (Mass.) 934.

The insurance company applied in the District Court for an injunction against the enforcement of the award of the commission until the court had passed upon the questions involved. That application was denied below and renewed here, where it was again denied.

It is to be noted in this connection that the judgment of the commission in favor of a claimant is *prima facie* evidence of his right to recover. Procedure under the act is summary in character in order to furnish immediate aid to injured employees, and a careful reading of the statute as a whole leads to the conclusion that it was the intention of the Legislature that payment of these weekly allowances should not be stayed. Indeed, to hold that such payments can be enjoined pending judicial review would in effect practically nullify one of the prime objects and purposes of the law.

A painstaking consideration of the whole record discloses no reversible error and the judgment of the District Court is affirmed.

Judgment affirmed.

Decision *en banc.*

Mr. Justice White and Mr. Justice Teller not participating.

Decided June 3, A. D. 1918. Rehearing denied December 2, A. D. 1918.