## No. 12,229.

JOHN THOMPSON GROCERY COMPANY, ET AL. *v.* INDUSTRIAL
COMMISSION, ET AL.

Decided November 12, 1928.

Mr. GLENN L. DALY, Mr. JOEL E. STONE, for plaintiffs
in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of
the court.

THE commission allowed compensation, temporary and
permanent, to one Healy. The temporary was paid, the
insurance carrier contests the permanent. The district
court sustained the commission and the case comes here
on error. The plaintiff in error asks for a stay until the
decision here.

In *Lackey v. Industrial Com.,* 80 Colo. 112, 249 Pac.
662, the compensation was paid while the case was pend-
ing here. The case was reversed, but without substan-
tial effect, of course, because payment had been com-

pleted. In *Employers' Co. v. Industrial Com.,* 65 Colo. 283, 176 Pac. 314, we held that it was the intention of the statute that the payment of the weekly allowances should not be stayed pending judicial review, because it "would in effect practically nullify one of the prime objects and purposes of the law." It is claimed, however, in the present case, and is conceded by the attorney general, that Healy has gone back to work and is working, so his rights will be in no way prejudiced or affected by the stay. There is clearly danger that injustice will from time to time result if we adopt an inflexible rule for such situations. A writ of error with a stay, if the beneficiary be in such condition as to be in immediate need, as is often the case, will result in serious harm to him, and if his claim be just will defeat the purpose of the statute; but in case of one at work and not in immediate need, a denial of the stay and consequent payment of the full amount will, in case of a reversal, defeat the writ of error and so defeat the purpose of the act in so far as it permits the writ. We think, therefore, that we should consider the point in the light of the facts of each particular case and that in the present case we should allow the stay.

Stay ordered.