No. 12,251.

EMPLOYERS' MUTUAL INSURANCE CO., ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided March 18, 1929.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. AR-THUR L. OLSON, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFFS in error seek a review of the award of the Industrial Commission, affirmed by the district court, ordering the payment of compensation to defendant in error, Anna Kirk, at the rate of $37.98 per month beginning February 5, 1928, and continuing on the 5th day of each and every month thereafter until the full sum of $2,734.38 shall have been paid, for the accidental death of her husband arising out of and in the course of his employment.

The contention of the plaintiffs in error is, that the evidence was insufficient to support said award, and that it was arrived at in a manner not authorized by the statutes. The provision of the statute, fixing the method for determining the average weekly wage, is as follows (section 4421, C. L. 1921):

"The average weekly wage of the injured employe shall be taken as the basis upon which to compute benefits and shall be determined as follows:

\* \* \* \*

"(b) The total amount earned by the injured or killed employe in the six months preceding the accident shall be computed, which sum shall be divided by twenty-six and the result thus ascertained shall be considered as the average weekly wage of said injured or deceased employe, for the purpose of computing the benefits provided by this act, except as hereinafter provided.

"(c) Provided, further, however, that in any case where the foregoing method of computing the average weekly wage of the employe by reason of the nature of the employment or the fact that the injured employe has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder or has been ill or in business for himself or where for any other reason said methods will not fairly compute the average weekly wage, the commission may in each particular case compute the average weekly wage of said employe by taking the daily earnings at the time of the accident or compute it in such other manner and by such other method as will in the opinion of the commission, based upon the facts presented, fairly determine such employe's average weekly wage."

The record discloses that the Industrial Commission proceeded according to paragraph (c) in fixing the average weekly wages of decedent.

The Industrial Commission found, and the evidence shows, that decedent died February 5, 1928; that he came

to Colorado from Nebraska in August, 1927; that here he worked approximately three-fourths of the time, earning from $3 to $4 per day; that in Nebraska he worked as a mechanic of ability, and farmer, earning from $7 to $15 per day.

We are of opinion that these substantial, credible and uncontradicted facts fully justify the act of the Industrial Commission in making such award, and that said award was arrived at pursuant to the terms of paragraph (c), supra, and not in violation thereof. Therefore the judgment of the lower court is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.