No. 12,760.

Williams Brothers, Inc. et al. *v.* Grimm.
(297 Pac. 1003)

Decided March 30, 1931.

Mr. John S. Underwood, Attorney General, Mr.

CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for plaintiffs in error.

Mr. W. E. HECKENLIVELY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

F. J. GRIMM was awarded compensation for an injury arising out of and in the course of his employment by Williams Brothers, Incorporated.

In determining the average weekly wage of claimant as a basis of compensation, the Industrial Commission followed section 4421 (b) of the Compiled Laws of 1921:

"(b) The total amount earned by the injured or killed employe in the six months preceding the accident shall be computed, which sum shall be divided by twenty-six and the result thus ascertained shall be considered as the average weekly wage of said injured or deceased employe, for the purpose of computing the benefits provided by this act, except as hereinafter provided."

The district court ordered the Industrial Commission to enter an award pursuant to section 4421 (c), "on the basis that the average weekly earnings of plaintiff were $27.67."

"(c) Provided, further, however, That in any case where the foregoing method of computing the average weekly wage of the employe by reason of the nature of the employment or the fact that the injured employe has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder or has been ill or in business for himself or where for any other reason said methods will not fairly compute the average weekly wage, the commission may in each particular case compute the average weekly wage of said employe by taking the daily earnings at the time of the accident or compute it in such other manner and by such other method as

will in the opinion of the commission, based upon the facts presented, fairly determine such employe's average weekly wage."

The record shows that the claimant, a common day laborer, had worked continuously for 15 weeks prior to his injury and had earned $418; that during 11 weeks immediately preceding this work he was "just taking a vacation." His average weekly wage under (b) is the quotient of $418 divided by 26 or $16.08, and under (c), the quotient of $418 divided by 15 or $27.87.

██ A liberal construction of these sections, as required by the act itself, demands that where the adoption of one method clearly works an injustice, the other should be used. The fact that "shall" is used in (b) and "may" in (c) does not mean that the Industrial Commission must comply with (b) if thereby injustice is done or has the exclusive discretion to use (c).

██ Here the claimant worked continuously for 15 weeks and for the 11 preceding weeks he was "just taking a vacation." These 11 weeks being in winter, it might be reasonably inferred that the "vacation" was forced. Whether forced or otherwise, the adoption of (b) as a basis for the determination of his weekly wage would penalize the claimant to the extent of his vacation period. In the circumstances, the fair and just average weekly wage could and should have been determined by the method provided for in (c).

The district court was right in ordering the Industrial Commission to proceed under section 4421 (c), but wrong in directing a specific award thereunder.

The judgment of the district court should be modified by eliminating therefrom the words "on the basis that the average weekly earnings of plaintiff were $27.67," and as so modified is affirmed.