No. 13,654.

DANIELSON ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(44 P. [2d] 1011)

Decided April 22, 1935.

Mr. Edgar McComb, Mr. Milton D. Green, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, for defendants in error.

*In Department.*

Mr. Chief Justice Butler delivered the opinion of the court.

While in the employ of A. Danielson and Son, Richard A. Ness sustained an injury arising out of and in the course of his employment. He died as a result of that injury. His widow, Hilma, was awarded compensation. The only controversy was, and is, over the construction to be given to section 4421, Compiled Laws, as amended by Session Laws of 1929, page 648, chapter 186, section 2. It provides as follows:

"The average weekly wage of the injured employe

shall be taken as the basis upon which to compute benefits and shall be determined as follows: * * *

"(b) The total amount earned by the injured or killed employe in the twelve months immediately preceding the accident shall be computed, which sum shall be divided by fifty-two, and the result thus ascertained shall be considered as the average weekly wage of said injured or deceased employe, for the purpose of computing the benefits provided by this Act, except as hereinafter provided.

"(c) Provided, however, that in any case where the injured employe has been ill, and unable to work in consequence of such illness, or has been in business for himself during the twelve (12) months immediately preceding the accident, his average weekly earnings shall be computed by dividing the total amount earned during such twelve (12) months by the sum representing the difference between fifty-two (52) and the number of weeks during which such employe was so ill or in business for himself."

 Ness was a painting contractor. For some reason satisfactory to him, he worked for the Danielsons for wages a few days each week during three calendar weeks in February, March and May, 1934. In one week he worked three days and earned $19.80; in another he worked four days and earned $26.40; in another he worked three days and earned $13.20, making a total of $59.40, wages earned during the twelve months immediately preceding the accident. At all times during that twelve months, except when he worked for the Danielsons, he was in business for himself as a painting contractor. Five days of six hours each constituted a working week. The commission added the number of days Ness worked during the three calendar weeks, making a total of ten days, and held that he worked two weeks, and that the average weekly wage was one-half of $59.40, or $29.70, and computed the award on that basis.

The Danielsons and the insurance carrier contend that

the statute does not provide for fractions of a week, and therefore that $59.40 is to be taken as the wages earned during three weeks, making the average weekly wage one-third of $59.40, or $19.80. As we have seen, paragraph (c) of section 4421 provides that the average weekly earnings shall be computed by dividing the total amount earned during the twelve months by the sum representing the difference between fifty-two and the number of weeks during which such employee was in business for himself. During each of the three calendar weeks in question Ness was in business for himself several days; hence, if we apply the rule contended for by the Danielsons and the insurance carrier, we would be obliged to hold that Ness was engaged in business for himself during fifty-two weeks, which, of course, would be absurd. The fact is that during each of the three calendar weeks in question he was in business for himself part of the time, making a total of five days during the three calendar weeks, and worked for wages part of the time, making a total of five days during the three calendar weeks. While for some, perhaps for most, purposes a week means a calendar week, extending from midnight Saturday until midnight the following Saturday *(In re Tyson,* 13 Colo. 482, 22 Pac. 810; *Mora v. People,* 19 Colo. 255, 35 Pac. 179), it does not mean that for all purposes. For example, if a man, hired at so much a week, commences work at the beginning of the working day on Wednesday and continues during all the working days until the end of the working day on Tuesday of the next calendar week, the money he earns would be one week's wage, not two weeks' wages.

To adopt the construction contended for would lead to unreasonable and unjust results, and such a construction should not be adopted where, as in this case, it can be avoided without doing violence to the language of the statute. *Karoly v. Industrial Commission,* 65 Colo. 239, 243, 176 Pac. 284. A court, of course, has no power to read into a statute a provision that does not exist

*(Colorado Fuel & Iron Co. v. Industrial Commission,* 88 Colo. 573, 298 Pac. 955) ; but the result at which we arrive requires no disregard of that rule. The act is highly remedial and beneficent in purpose, and should be liberally construed so as to accomplish its evident intent and purpose. *Central Surety & Ins. Corporation v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617; *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422; *Employers' Mutual Ins. Co. v. Industrial Commission,* 65 Colo. 283, 176 Pac. 314. Giving the statute what we believe to be a fair and reasonable construction we hold as follows: During the twelve months immediately preceding the accident Ness was in business for himself forty-nine weeks plus five days, in all fifty weeks. The total amount of wages earned during that twelve months, $59.40, should be divided by two, the difference between 52 and 50, the number of weeks during which Ness was in business for himself. That makes $29.70, the average weekly wage, the basis upon which to compute benefits to which the claimant is entitled. In holding $29.70 to be the average weekly wage, the commission did not err. It follows that the district court committed no error in affirming the award of the commission.

The judgment is affirmed.

Mr. Justice Burke and Mr. Justice Young concur.