No. 13,892.

IMPERIAL COAL COMPANY ET AL. *v.* HOLLAND ET AL.

(56 P. [2d] 30)

Decided March 23, 1936.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This cause comes here on writ of error from a judgment of the district court sustaining a finding and award of the Industrial Commission in favor of the claimant, Roy Holland, for an admittedly compensable injury sustained by claimant in the coal mine of the Imperial Coal Company, one of the plaintiffs in error, herein referred to as the employer.

The only question involved is the proper method of determining the claimant's average weekly wage on the wage history shown by the evidence. His total earnings from his employment in the mine for the year preceding his accident were $899.16, a portion of which was earned during each calendar month in such year. While claimant was employed in the mine he was at the same time operating a small rented farm. His testimony concerning such farming operations is all that appears in the record on this point. In substance it is that he was farming an eighty-acre tract; that he was occupied on the farm when not working in the mine; that when there was employment to be had in the mine he worked there; that when there was none, he put in his time on his farm; also, that he worked on the farm evenings and on Sundays; that this was general farm work such as any farmer similarly situated would engage in. He further testified that he "figured" that he "put in equally as much time in the mine as the farm"; that if the actual hours employed were taken into consideration, he spent more time on the farm than he did at the mine.

On this testimony the commission found in part as follows: "During the year before the accident, claimant worked part of each month for the respondent employer, and during the same year operated a farm or ranch of 80 acres. He testified that he spent as much or more time working upon the farm than he did working in the mine.

"The commission, therefore, finds: that the claimant was in business for himself for a period equivalent to six months of the year, and that his wages should be determined upon an average of twenty-six weeks. His total earnings were $899.16. His average weekly wages were $34.61."

These findings and the award made thereon were approved by the district court and judgment entered accordingly.

The employer contends that the average weekly wage should be determined by dividing the total amount earned by claimant while working in the coal mine during the preceding year by fifty-two; while the claimant argues that it should be determined by taking one twenty-sixth of such amount.

The statute under which the average weekly wage of a claimant is to be computed is section 4421, C. L. 1921, as amended by section 2, chapter 186, S. L. 1929, which so far as pertinent, is as follows: "(b) The total amount earned by the injured * * * employe in the twelve months immediately preceding the accident shall be computed, which sum shall be divided by fifty-two, and the result thus ascertained shall be considered as the average weekly wage of said injured * * * employe, for the purpose of computing the benefits provided by this Act, except as hereinafter provided.

"(c) Provided, however, that in any case where the injured employe has been ill, and unable to work in consequence of such illness, or has been in business for himself during the twelve (12) months immediately preceding the accident, his average weekly earnings shall be computed by dividing the total amount earned during such twelve (12) months by the sum representing the difference between fifty-two (52) and the number of weeks during which such employe was so ill or in business for himself."

Under the rule laid down in *Danielson v. Industrial Commission*, 96 Colo. 522, 44 P. (2d) 1011, the judgment

of the district court approving the findings and affirming the award of the Industrial Commission must be affirmed. The claimant in that case was engaged in business for himself as a painting contractor. On three different occasions during the year he worked for another firm, on one occasion for three days, on another for four days and on still another for three days. On the last occasion he sustained an injury which caused his death. We held in that case, the usual working week in the painting trade being five days, that he worked two weeks for his employer and was in business fifty weeks for himself; that the number of weeks during which he was in business for himself during the year preceding the accident should be deducted from the total number of weeks in the year and his average weekly earnings determined by dividing the total amount earned by the remaining number of weeks. The case before us differs from that case in no essential respect. The commission found that during six months of the year preceding claimant's accident he was engaged in business for himself, working for his employer the balance of the year, and on such finding computed the average weekly wage to be one twenty-sixth of the total amount earned during the year. The method of determining the average weekly wage of employees is fixed by statute, and the judgment of the district court approving the commission's findings is in accordance with a proper construction of the statute.

Judgment is affirmed.

MR. JUSTICE BOUCK not participating.