## No. 13,970.

LINDNER PACKING AND PROVISION COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(60 P. [2d] 924)

Decided July 20, 1936.

Messrs. YEAMAN, GOVE & HUFFMAN, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. LOUIS SCHIFF, Assistant, Messrs. Langdon & Barbrick, for defendants in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THIS cause is here on writ of error to review the judgment of the district court sustaining an award of compensation to the dependents of Joseph M. O'Grady, herein referred to as the deceased, whose death was proximately caused by an accident arising out of and in the course of his employment. It is conceded by the employer and the insurer, who are the plaintiffs in error, that the defendants are entitled to compensation. The only issue involved is as to the amount to which they are entitled.

Deceased was 24 years of age at the time of his death and his dependents are a wife and infant child surviving. For eight months of the year immediately preceding the accident the deceased was registered as a student in and attended Regis College. During vacation periods he worked for his father. The commission found his wages earned by such employment to be the sum of $352.36. The question presented is whether the time spent in college, which the commission found to be 32 3/7 weeks shall be considered as time in which he was engaged in business for himself.

The pertinent part of the statute on computing the average weekly earnings is subparagraph (c) of §47 of the Workmen's Compensation Act (§4421, C. L. 1921) as amended by Session Laws of 1929, page 646, chapter 186, which is as follows: "Provided, however, that in any case where the injured employe has been ill, and unable to work in consequence of such illness, or has been in busi-

ness for himself during the twelve (12) months immediately preceding the accident, his average weekly earnings shall be computed by dividing the total amount earned during such twelve (12) months by the sum representing the difference between fifty-two (52) and the number of weeks during which such employe was so ill or in business for himself.''

The term ''business'' has been variously defined by lexicographers and courts. Webster's New International Dictionary defines business as ''that which busies, or engages time, attention, or labor, as a principal serious concern or interest. Specif.: a. Constant employment; regular occupation; work; as, the business of life; business before pleasure. b. Any particular occupation or employment habitually engaged in, esp. for livelihood or gain. 'The business of instruction.' Prescott. c. A particular subject of labor or attention; a temporary or special occupation or concern.''

6 Cyc. 259, defines ''business'' as follows: ''That which occupies the time, attention and labor of men for the purpose of a livelihood or profit; * * * that which one does for a livelihood; * * * the employment or occupation in which a person is engaged to procure a living; any particular occupation or employment for a livelihood or gain; * * *''

1 Bouvier's Law Dictionary (Rawle's Third Revision), page 406, defines ''Business'' as ''That which occupies the time, attention, and labor of men for the purpose of livelihood or profit, * * *''

''It would be a very exceptional person—we do not know how to otherwise describe him—who would not understand that the reference [business] is to the habitual or regular occupation that the party was engaged in with a view to winning a livelihood or some gain. These objects are necessarily implied when one's business is spoken of. Eliminate them, livelihood and gain, and it is no longer business, but amusement, which no one ever confounds with business.'' *Marsh v. Groner,* 258 Pa. 473;

1 Schneider's Workmen's Compensation (2d Ed.) p. 234, §28.

In the case of *Beickler v. Guenther*, 121 Ia. 419, 96 N. W.895, the following statement is found: "But to 'engage in business' is uniformly construed as signifying to follow that employment or occupation which occupies the time, attention and labor for the purpose of a livelihood or profit."

The court in *Hutchings v. Burnet*, 61 D. C. App. 109, 58 F. (2d) 514, used the following language: " 'Business' is defined as 'that which occupies time, attention, and labor of men for the purpose of livelihood or profit, but it is not necessary that it should be the sole occupation or employment,' * * * 'carrying on business' does not mean the performance of a single disconnected business act. It means conducting, prosecuting, and continuing business by performing progressively all the acts normally incident thereto, and likewise the expression 'doing business,' when employed as descriptive of an occupation, conveys the idea of business being done, not from time to time, but all the time."

In *LaCroix v. Frechette*, 50 R. I. 90, 145 Atl. 314, the court held that the term "business" as used in the Compensation Act of Rhode Island includes employers' business activities carried on for gain or profit.

In *Morgan v. Salt Lake City*, 78 Utah 403, 3 P. (2d) 510, the court said business "is a pursuit or occupation. It denotes the employment or occupation in which a person is engaged to procure a living. It is synonymous with calling, occupation, or trade, and is defined as any particular occupation or employment habitually engaged in for a livelihood or gain."

In *Deering v. Blair*, 57 D. C. App. 367, 23 F. (2d) 975, the court held, that "it is essential that livelihood or profit be at least one of the purposes for which the employment is pursued."

In *Hughes v. Pallas*, 84 Colo. 14, 267 Pac. 608, this court said: "The contention of the plaintiff in error that

the clause 'and for no other business' is so all-exclusive that the three rummage sales of the churches in the restaurant, constituted 'conducting business' within the terms of the lease, is not a construction to which we can give our assent. It is true that the word 'business' has a large significance, and has been defined to embrace everything about which a person can be employed. * * * 'Business' means constant employment or a regular occupation, and implies the idea of permanence. *Down v. Comstock*, 318 Ill. 445, 149 N. E. 507.''

In Vol. 1, Words and Phrases (2d Ed.), under the heading of business the following appears: ''The term 'business' as used in a law imposing a license tax on business, trades, etc., ordinarily means business in the trade or commercial sense, only carried on with a view to profit or livelihood. Cuzner v. California Club, 100 P. 868, 871, 155 Cal. 303, 20 L. R. A. (N. S.) 1095. * * * The word 'business' in its broad sense embraces everything about which one can be employed, and in its narrower sense it signifies a calling for the purpose of livelihood or profit. Easterbrook v. Hebrew Ladies' Orphan Society, 82 Atl. 561, 563, 85 Conn. 289, 41 L. R. A. (N. S.) 615.''

In Vol. 1, Words and Phrases, Third Series, under the heading ''Business'' it is said: ''The word 'business' is commonly employed in connection with an occupation for livelihood or profit, but is not limited to such pursuits. Griffin v. Russell, 87 S. E. 10, 11, 144 Ga. 275; L. R. A. 1916F, 216, Ann. Cas. 1917D, 994; Lacey v. Forehand, 108 S. E. 247, 248, 27 Ga. App. 344.''

In Vol. 1, Words and Phrases, Fourth Series, under the heading of business the following definitions are given: '' 'Business' has been defined to mean activity, energy, capacity, opportunities by which results are reached, and as embracing everything about which a person can be employed. Norman v. Southwestern R. Co., 157 S. E. 531, 533, 42 Ga. App. 812.'' '' 'Business' is that which busies or occupies the time, attention or labor of one as his principal concern, whether for a long or short time; occupa-

tion; any particular occupation or employment, mercantile transactions in general; concern; right or occasion of making one's self busy; affairs; transactions; business and employment being synonymous. Industrial Fibre Co. v. State, 166 N. E. 418, 419, 31 Ohio App. 347.''

In the light of the various definitions of the term 'business' given by lexicographers and courts, it will be observed that the question resolves itself to a determination of whether that term as used in section 4421, C. L. 1921, supra, implies an occupation of one's time in some activity with an objective of direct financial profit or livelihood accruing out of the activity, or whether it is used in the general sense of an occupation of one's time in some regular activity that may or may not have the objective of direct financial profit or livelihood. The foregoing judicial decisions clearly indicate the two conceptions that may attach to the term ''business'': One, that of any regular activity that occupies one's time and attention, with or without a direct profit objective; the other being such an activity with such a direct profit objective.

■ We have held in *Danielson v. Industrial Commission,* 96 Colo. 522, 44 P. (2d) 1011, that, ''The act [Workmen's Compensation Act] is highly remedial and beneficent in purpose, and should be liberally construed so as to accomplish its evident intent and purpose. *Central Surety & Ins. Corp. v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617; *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422; *Employers' Mutual Ins. Co. v. Industrial Commission,* 65 Colo. 283, 176 Pac. 314.''

■ It is necessary to have some practical means of determining earning capacity. The legislature fixed the period of one year immediately preceding the accident as a reasonable period, and the industrial history of the employee during such period as a reasonable factual basis for ascertaining the proper amount of loss sustained by such employee, if injured, and by the dependents if death ensued as a result of an accident arising out of and in the course of his employment. If the employee has

his services on the labor market for a year and is only employed for wages for six months his total yearly earnings are assumed to be what he in fact earned during the year. If by reason of sickness he is forced to withdraw his services from the labor market for a part of the year, or if he voluntarily withdraws them for a part of the year by engaging in business, the law assumes that had his services been on the labor market for an entire year he would have earned throughout the year at the same rate that he did earn while employed. Clearly deceased's services were not on the labor market while he was in school. Since his services were withdrawn from the labor market for a part of the year by reason of a definite and regular program that occupied his time, a program that he adopted and made it his business to carry out, a program that under the record excluded the possibility of his services being on the labor market while it was being carried out, we think the deceased may reasonably be said to have been in business for himself, in the extensive sense of the term as defined both by the lexicographers and the courts.

Such a construction is in accord with the beneficent purposes that the act was designed to accomplish.

The judgment of the district court is affirmed.

MR. JUSTICE HILLIARD, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE BUTLER concur.