No. 17,223.

SCHOOL DISTRICT No. 97, IN WELD COUNTY ET AL.
*v.* SCHMIDT ET AL.
(263 P. [2d] 581)

Decided November 23, 1953.

Mr. HAROLD C. THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

CLAIMANT Schmidt was employed as custodian by School District No. 97. By informal arrangement between a local church organization and the school board, certain boys were to perform the duties of his employment for a few days in return for the donation of his services to the church organization to assist in stuccoing its church building. He was not a member of that church organization. While so engaged, the scaffold under claimant collapsed and he was injured.

Claimant filed claim for compensation and on hearing the referee found that the arrangement between the school board and the church constituted a loan service within the meaning of section 11 of the Workmen's Com-

pensation Act and that the accident arose in the course of claimant's employment while so loaned, and accordingly awarded compensation. Thereafter the Commission adopted the referee's findings and award and, upon action subsequently brought, the trial court affirmed the findings and award of the Commission.

██ ██ Reversal is here sought upon the ground that school districts are not subject to the provision of section 11 of the Workmen's Compensation Act regarding loaning services. Under that section (section 290, chapter 97, '35 C.S.A.), "Where an employer, who has accepted the provisions of this article, and has complied therewith, shall loan the service of any of his employees who have accepted the provisions of this article, to any third person, he shall be liable for any compensation thereafter for any injuries or death of said employee as in this article provided * * *." It is argued by plaintiff in error that said section applies only to "an employer, who has accepted the provisions of this Act"; that the Act is compulsory as to the school district, therefore the district has not accepted it and would not be subject to the provisions of that section. We have repeatedly held that the Workmen's Compensation Act is highly remedial and beneficent in purpose and should be liberally construed so as to accomplish its evident intent and purpose. *Lindner Co. v. Industrial Commission*, 99 Colo. 143, 60 P. (2d) 924, and cases there cited. Having in mind the purpose of the Act, we see no basis for distinction as between an employee of a school district and one of a private employer, and cannot find an intent to make such distinction in the statute.

██ It is further urged that the award contravenes Article IX, Section 7, Constitution of Colorado, which prohibits aid by a school district to a church. The loan of services here involved being made in exchange, whereby claimant's regularly assigned tasks were to be performed by others while he assisted the church, was not a payment from any public funds or monies in aid

of the church under said section of the Constitution. Accordingly, we need not consider whether an employe loaned in circumstances violative of that provision of the Constitution would be deprived of his right to compensation.

The judgment is affirmed.