**WESTERN SIZZLIN STEAK HOUSE and Aetna Casualty and Surety Company, Denver, Petitioners,**

**v.**

**Brett AXTON; the Industrial Commission of the State of Colorado; and Charles McGrath, Director, Colorado Division of Labor—Workmen's Compensation Section, Respondents.**

**No. 83CA1455.**

Colorado Court of Appeals, Div. I.

Nov. 23, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Denied May 28, 1985.

Benjamin P. Kramer, Denver, for petitioners.

Joseph O'Brien, Fort Collins, for respondent Brett Axton.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Charles McGrath.

VAN CISE, Judge.

Brett Axton (claimant), a 16-year-old high school student employed as a part-time dishwasher by Western Sizzlin Steak House (employer), sustained a work-related injury. Petitioners (employer and its insurer, Aetna Casualty and Surety Company) admitted liability for workmen's compensation at $42.35 per week for temporary total disability, based on an average weekly wage of $63.60 (four hours a day for six days a week times $2.65 per hour).

Claimant contested the admission of liability on several grounds, the only one pertinent to this review being the amount of the weekly wage. The matter was heard by a referee, acting for the director of the division of labor. Claimant testified that he worked from fourteen to twenty hours a week at $2.60 per hour. The referee, on behalf of the director and relying on § 8–47–101(4), C.R.S., agreed with petitioners' calculations as to claimant's average weekly wage and, on that basis, entered an order for temporary total disability benefits of $42.35 per week.

Claimant petitioned for review of the order, and the case was referred to the industrial commission for its decision. On the same record, the commission held that the director had erred in applying § 8–47–101(4), C.R.S., to ascertain the amount of the weekly wage. It concluded instead that the figure should have been calculated pursuant to § 8–47–101(3)(c) and (d), C.R.S. (1984 Cum.Supp.) Accordingly, it reversed the director and ordered the entry of a new award of benefits of $69.33 per week, based on a newly calculated weekly wage of $104.

Contending that the commission acted without or in excess of its powers in reversing the director's order as to the amount of the weekly wage and the benefits based thereon, petitioners seek review in this court. We set aside that part of the order of the commission.

Subsections 8–47–101(3)(c) and (d) provide that the weekly wage for an employee being paid by the hour shall be determined by multiplying the hourly rate by not less than eight (thus arriving at the "daily wage") and the daily wage by not less than five. By this formula, relied on by the commission, a $2.60 hourly wage was multipled by eight for the daily wage and then the daily wage was multiplied by five to arrive at the weekly wage of $104.

However, subsection 8–47–101(4) provides:

"Where the foregoing methods of computing the average weekly wage of the employee, *by reason of the nature of the employment* or the fact that the injured employee has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder or has been ill or in business for himself *or for any other reason, will not fairly compute the average weekly wage, the division* in each particular case *may* compute the average weekly wage of said employee in such other manner and by such other method *as will, in the opinion of the director* based on the facts presented, *fairly determine such employee's average weekly wage.*" (emphasis supplied)

 By subsection (4), the general assembly made the division of labor and not the industrial commission responsible for determining the basis of compensation. The fact that "shall" is used in subsection (3)(d) and "may" in subsection (4) does not mean that the division must comply with subsection (3) if thereby injustice is done. *See Williams Brothers, Inc. v. Grimm,* 88 Colo. 416, 297 P. 1003 (1931). The language of subsection (4) makes it discretionary with the division and the director thereof to determine whether the circumstances of the case call for the application of (4) instead of (3).

Here, claimant had only contracted for part-time work. Application of the subsection (3) formula would result in his receiving more in benefits than the maximum wages he had been paid prior to his injury. By applying subsection (4), the director determined that the subsection (3) formula "will not fairly compute" claimant's average weekly wage. The weekly wage figure admitted by petitioners, based on twenty four hours a week, exceeds the fourteen to twenty hours testified to by claimant. The director found this figure to be "proper" pursuant to subsection (4), and the amount of the temporary total disability payments prescribed in his order was based thereon.

There was no showing of any abuse of discretion by the director in arriving at his determination. Under such circumstances, it is not for the commission or this court to substitute its judgment for that of the director.

That part of the December 8, 1983, order of the commission which reverses the director's calculation of claimant's average weekly wage and directs payment of benefits based on the new figure of $104 is set aside. The cause is remanded to the commission with directions to reinstate the order of the director with respect to the amount of claimant's average weekly wage and the amount of weekly temporary total disability benefits.

ENOCH, C.J., and PIERCE, J., concur.