R.J.S. PAINTING and Camden Fire Insurance Company, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Director, Division of Labor, Department of Labor and Employment, State of Colorado; and Stephen W. Ross, Respondents.

No. 86CA0382.

Colorado Court of Appeals, Div. II.

Dec. 4, 1986.

James R. Clifton & Associates, P.C., Diane Murley, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Div. of Labor.

Marvin Firestone, MD.JD and Associates, P.C., Marvin Firestone, Boulder, for respondent Stephen W. Ross.

KELLY, Judge.

R.J.S. Painting and Camden Fire Insurance Company (petitioners) seek review of a final order of the Industrial Commission which reversed the decision of a hearing officer. The Commission held that the average weekly wage for Stephen W. Ross (claimant) should have been determined in the manner set forth in § 8–47–101(3)(d), C.R.S. (1986 Repl.Vol.3B). We set aside the Commission's order and remand with directions.

Claimant admittedly suffered an injury while employed as a foreman for R.J.S. Painting. Petitioners admitted liability for temporary disability based on an average weekly wage of $233. Claimant contested the admission as it was based on a work week of approximately 29 hours and contended instead that he was entitled to benefits based on a 40–hour work week. The matter was submitted for a hearing and the following pertinent facts were elicited.

As a foreman, claimant was paid $8.00 hourly. The number of hours in his work week varied depending on the weather, how much work needed to be done, and how quickly claimant completed his tasks.

Although claimant was hired, and was considered, as a "full-time" employee, he was paid only for the actual number of hours worked. If claimant completed his duties in less than 40 hours, there were other jobs available upon request.

From the time claimant became a foreman until the week prior to his injury, a nine-week period, claimant worked 277.5 hours. Although claimant worked 40 hours or more in only two of these nine weeks, he asserted his average weekly wage should nonetheless be computed based on a 40–hour week pursuant to § 8–47–101(3)(d), C.R.S. (1986 Repl.Vol. 3B).

That statute provides:

"Where the employee is being paid by the hour, the weekly wage shall be determined by multiplying the hourly rate by the number of hours in a day during which the employee was working at the time of the injury or would have worked if the injury had not intervened, to determine the daily wage; then the weekly wage shall be determined from said daily wage in the manner set forth in paragraph (c) of this subsection (3). *In no case shall the hourly rate be multiplied by less than eight.*" (emphasis added)

Section 8–47–101(3)(c), C.R.S. (1986 Repl. Vol. 3B) provides:

"[T]he weekly wage shall be determined by multiplying the daily wage by the number of days and fractions of days in the week during which the employee under a contract of hire was working at the time of the injury or would have worked if the injury had not intervened. *In no case shall the daily wage be multiplied by less than five for the purpose of determining the weekly wage.*" (emphasis added)

The hearing officer elected not to use claimant's method of computation because it would result in an average weekly wage higher than claimant's actual average earnings. Therefore, pursuant to the discretionary authority set forth in § 8–47–101(4), C.R.S. (1986 Repl.Vol. 3B), the hearing officer devised an alternate method of determining claimant's true average weekly wage.

Section 8–47–101(4) provides:

"Where the foregoing methods of computing the average weekly wage of the employee, by reason of the nature of the employment or the fact that the injured employee has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder or has been ill or in business for himself or for any other reason, will not fairly compute the average weekly wage, the division, in each particular case, may compute the average weekly wage of said employee in such other manner and by such other method as will, in the opinion of the director based upon the facts presented, fairly determine such employee's average weekly wage."

The "foregoing methods" referred to in § 8–47–101(4) include the formula set forth in § 8–47–101(3)(d) and other methods not pertinent under the facts here.

The hearing officer computed claimant's average weekly wage by taking the total number of hours worked in the nine-week period (277.5), and multiplying them by the $8.00 hourly rate. The hearing officer erroneously computed the total to be $2,000 and divided by nine to reach an average weekly wage of $244.44. The total should be $2,220, which, when divided by nine gives an average weekly wage of $246.66.

Claimant petitioned the Industrial Commission for review and the Commission reversed. The Commission concluded the formula set forth in § 8–47–101(3)(d) should have been applied since 1) claimant was a full-time employee, 2) claimant's contract of hire was for 40 hours per week, and 3) claimant was working a 40–hour week prior to his injury and only worked fewer hours on an occasional basis.

On review, petitioners assert the Commission erred in reversing the hearing officer's order. We agree.

 It was the responsibility of the hearing officer, not the Commission, to determine the basis of compensation. *West-*

*ern Sizzlin Steak House v. Axton,* 701 P.2d 96 (Colo.App.1984). The language of § 8–47–101(4) makes it discretionary with the division of labor and the director to determine whether the circumstances of a case call for an alternate method of computation. *Western Sizzlin Steak House v. Axton, supra.*

Here, it is undisputed that claimant did not consistently work 40 hours per week. Rather, claimant worked until his tasks were completed and was remunerated only for the actual hours worked. The evidence reveals that it was the exception and not the norm for claimant to work 40 hours or more per week. Further, there was no evidence that claimant would have consistently worked 40 hours in the future.

█ Under these circumstances, we conclude that the hearing officer did not abuse her discretion in determining claimant's average weekly wage based on the actual number of hours worked. The hearing officer's formula is consistent with the purpose of temporary disability benefits to remunerate an injured worker for actual loss of earnings. *See Monfort of Colorado v. Husson,* 725 P.2d 67 (Colo.App.1986). Thus, we conclude that the Industrial Commission exceeded its authority in substituting its judgment for that of the hearing officer. *Western Sizzlin Steak House v. Axton, supra; see also St. Mary's Church & Mission v. Industrial Commission,* —— P.2d —— (Colo.App. No. 86CA0343, December 4, 1986).

The order is set aside and the cause is remanded to the Industrial Claim Appeals Office with directions to reinstate the hearing officer's order with the mathematical corrections noted hereinabove.

SMITH and STERNBERG, JJ., concur.