## Koch v. G. Matter & Sons.

A. G. Rutherford and P. V. Matter, for plaintiff.

J. Wilson Ames and William A. Skinner, for defendants.

SEARLE, P. J., March 10, 1930.—This is an action of trespass for personal injuries suffered while plaintiff was engaged in painting defendants' garage. Defendants have filed an affidavit of defense raising the legal objection that it does not appear that the case is within the jurisdiction of this court rather than within the scope of the Workmen's Compensation Act.

Counsel for both parties, in oral argument and in the briefs filed with the court, have referred to the fact that the plaintiff some months ago filed a petition with the compensation authorities, and, after hearing thereon, was refused compensation on the ground that his employment was casual and not in the regular course of the business of his employer, who is the defendant in this case.

The plaintiff apparently accepted the position of the workmen's compensation referee as a correct ruling that he was not within the provisions of that act, and turned to this court in the present action of trespass.

Had the plaintiff seen fit to include in his present pleadings a recital of the proceedings before the workmen's compensation authorities, this might have estopped the defendants from setting up here any defense inconsistent with the position assumed in the other tribunal. But while it might have been proper, it seems unnecessary to the plaintiff's case that these proceedings be pleaded. They form no part of his cause of action because, if the underlying facts are well pleaded, the action could have been maintained here in the first instance without any resort to the compensation authorities.

The statement sets forth that the plaintiff is a painter by trade and that the defendants are engaged in the automobile or garage business; that the plaintiff verbally contracted to paint the defendants' garage upon certain terms, and, through the alleged negligence of the defendants, was injured in the carrying out of the contract.

Regardless of any prior decision by the referee, these facts indicate that the employment was not of that regular and continuing character contemplated by the Workmen's Compensation Act, but was of a casual nature, for the performance of a particular job or contract. Furthermore, the defendants' business was not that of master painters. They were in the automobile business, and when they engaged a painter to paint their garage, that painter was "not within the regular course of the employer's business:" Marsh v. Groner, 258 Pa. 473; Blake v. Wilson, 268 Pa. 469.

Defendants' brief avers: "The act provides a complete system controlling recovery in industrial accidents." This has reference only to cases expressly within the scope of the act, and overlooks the fact that there are numerous industrial accidents to which the workmen's compensation legislation does not pretend to apply. Among these may be mentioned employees engaged in interstate commerce, farm labor, domestic labor, casual employees, minors employed in violation of statutory law, etc.

Where the act does not apply, of course, these classes of employees still retain their common law rights of action in case of negligent injury: Lincoln v. National Tube Co., 268 Pa. 504; White v. Logan, 10 D. & C. 383.

The facts set forth in the plaintiff's statement sufficiently indicate, in our opinion, that the plaintiff was a casual employee and was injured not within the regular course of the employer's business. Therefore, jurisdiction of the cause is with this court and not with the workmen's compensation authorities.

Now, to wit, March 10, 1930, the affidavit of defense filed by defendants raising questions of law is overruled.