G. Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, Etc., recurrida, y Francisco González, obrero lesionado.

Núm. 295.—*Sometido:* Marzo 17, 1944. *Resuelto:* Mayo 5, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar, Joaquina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suárez y A. Sandín del Manzano,* abogados los cuatro últimos del Fondo del Estado, abogados todos del recurrente; *Carlos D. Vázquez,* abogado del obrero lesionado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

En junio 1938 Francisco González se dedicaba los sábados y domingos a hacer carbón en una finca propiedad de Luis Antonio, Juan Manuel e Isabel Becerra Pastor. Los demás días los dedicaba el obrero a trabajar en una pequeña finca de su propiedad. El convenio que tenía González con el representante de los dueños de la finca era el siguiente: los dueños de la finca aportaban la leña, y González hacía el carbón, el cual, una vez fabricado, se distribuía en la proporción de dos terceras partes para González y una tercera parte para los dueños de la finca. Mientras González se hallaba en este trabajo, allá por la tercera semana del mes de junio 1938, se le encajó una astilla en un ojo, produciéndole una herida que motivó la pérdida total de la visión de ese ojo, y como consecuencia de la lesión, poco tiempo después, según le había anunciado el oculista, perdió también la visión del otro.

Los dueños de la finca estaban asegurados en el Fondo del Seguro del Estado en la fecha del accidente. El Administrador del Fondo negó la compensación alegando que González no era un obrero dentro del significado de la Ley núm. 45 de 1935 ((1) pág. 251). La Comisión Industrial resolvió que lo era y que tenía derecho a todos los beneficios de la citada ley. El Administrador solicitó reconsideración y, siéndole denegada, interpuso entonces el presente recurso.

La cuestión a resolver es si dentro de los hechos de este caso erró o no la Comisión Industrial al conceder compensación al lesionado.

■■ La resolución recurrida no fué unánime. Disintió el Comisionado Sr. Herrero, quien sostuvo que la relación existente entre González y los alegados patronos era la de socios, siendo en su opinión al señor González un socio industrial. No podemos convenir con el Comisionado Sr. Herrero en que entre González y sus alegados patronos existiera un contrato de sociedad, pues de conformidad con el

artículo 1556 del Código Civil, ed. 1930, "La sociedad es un contrato por el cual dos o más personas se obligan a poner en común, dinero, bienes o industria, *con ánimo de partir entre sí las ganancias."* (Bastardillas nuestras.) Pero en el presente caso lo que hacía González era convertir la leña en carbón, y como al hacerse la liquidación no se deducía el valor de la leña para acreditarlo a los dueños de la finca, lo que se distribuía entre González y ellos no eran las ganancias.

La evidencia que ante sí tuvo la Comisión reveló que en la fecha del accidente, como no había caña, los patronos a través de su representante estaban explotando la industria de fabricación de carbón en conexión con la de aserrar maderas, empleando varios obreros en la industria de fabricación de carbón. Teniendo en cuenta que la fabricación de carbón en aquella fecha no era una labor de carácter accidental o casual, y por el contrario estaba comprendida dentro del negocio del patrono, la Comisión Industrial, basándose en lo dispuesto en el artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo, sostuvo que González era un obrero comprendido dentro de las disposiciones de la ley. En efecto, los artículos 2, 19 y 38 de la citada ley prescriben:

"Artículo 2.—Las ·disposiciones de esta Ley serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, . . . Se exceptúan expresamente aquellos obreros y empleados dedicados al servicio doméstico y *aquéllos cuya labor sea de carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación de su patrono* y además aquellas personas que trabajen en sus domicilios.

"Esta Ley será aplicable a todo patrono que emplee cuatro (4) o más obreros o empleados comprendidos en esta Ley, cualquiera que sea su salario; . . ." (Bastardillas nuestras.)

"Artículo 19.—Todo patrono asegurado al dar cuenta con sus nóminas anuales, deberá incluir en tales nóminas los salarios pagados a todos los obreros y empleados que estuvieren trabajando o fuere

a emplear bien por ajuste, o ya bajo una persona con quien ajustó el patrono o bajo un contratista o subcontratista independiente empleado o contratado por dicho patrono, y toda cuenta, o impuesto cobrado por el Estado se basará sobre la nómina corriente del patrono, en las cuales deberán estar incluídos los trabajadores antes mencionados; *Disponiéndose, que esta disposición no será aplicable a los patronos para quienes se hiciere trabajo por un contratista independiente que estuviere asegurado como patrono de acuerdo con las disposiciones de esta Ley.*"(Bastardillas nuestras.)

"Artículo 38.—Se entiende por 'obrero' o 'empleado' toda persona al servicio de cualquier individuo, sociedad o corporación que emplee regularmente obreros comprendidos bajo las disposiciones de esta Ley; *Disponiéndose*, que se excluyen expresamente los obreros y empleados dedicados al servicio doméstico *y aquellos cuya labor sea de un carácter accidental o casual* y no esté comprendida dentro del negocio, industria, profesión u ocupación, aquellos que trabajen en sus domicilios, y los de patronos exentos de las obligaciones de esta Ley.

"     *     *     *     *     *     *     *

" 'Carácter accidental o casual'; lo que constituye un trabajo accidental o casual lo determinará la Comisión Industrial por reglamento aprobado por el Gobernador de Puerto Rico, tomando en cuenta la clase de trabajo que se realiza, el costo que representa el mismo al patrono, el período de duración de dicho trabajo, y principalmente su relación con el negocio o industria del patrono del obrero o empleado que sufre el accidente."     (Bastardillas nuestras.[1]

Como hemos visto, todo obrero que trabaje para un patrono que emplee cuatro o más obreros y cuya labor no sea de carácter accidental o casual, y dicho obrero no sea uno de los exceptuados expresamente por los artículos 2 y 38

---

[1]"La Comisión Industrial hasta la fecha no ha determinado por reglamento, como prescribe el artículo 38 de la ley, lo que se entiende por 'carácter accidental o casual', por lo que debemos recurrir a la jurisprudencia para determinar en cada caso particular si se trata del empleo incidental o casual a que se refiere la ley.

"El trabajo que se realizó en este caso fué meramente incidental. No era de los trabajos que regularmente se realizan en el curso ordinario de los negocios de la compañía. Por consiguiente, no hay duda alguna de que el mismo era un trabajo incidental o casual. Véase a ese efecto la definición de las palabras *'casual employment'* en 6 W. & P. 289 *et seq.*" *Montaner, Admor.* v. *Comisión Industrial,* 57 D.P.R. 272, 278.

antes transcritos, es un obrero comprendido bajo las disposiciones de la ley.

██ La ley, al referirse al contratista independiente, se refiere siempre a aquel que contrate un trabajo y emplee obreros para realizarlo. El obrero de este caso no es tal contratista independiente, sino un mero obrero que trabaja por ajuste cuya compensación le es pagada en especie. *Cf. Tomás v. Comisión Industrial*, 59 D.P.R. 860. El hecho de que el pago del salario se verificare en especie, no debe perjudicar al obrero, pues la Ley núm. 91 sobre Contratos de Trabajo, promulgada en 1919 a virtud de sentencia de este tribunal, si bien en su artículo 3 dispone que el pago de salario deberá hacerse en moneda legal de los Estados Unidos y no en otra forma, no declara nulo por ello el contrato ejecutado, sino que sólo se limita a anular el pago así hecho.

La circunstancia de que la compensación se verifique en especie no contraviene el espíritu de la ley. Que ello es así lo demuestra el hecho de que el aparcero, quien recibe la retribución de su labor en la participación que le corresponde en los frutos que cosecha, es decir, en especie, es ahora considerado, al igual que sus trabajadores, como obrero del terrateniente, a menos que el contrato de aparcería se hubiere formalizado en escritura pública. Ley núm. 162 de 14 de mayo de 1943, pág. 525.

*Procede por lo expuesto confirmar la resolución recurrida.*