MARIANA ROMERO SANTIAGO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; JOSÉ RAFAEL TIRADO, obrero.

Núm. 456.—*Sometido:* Agosto 26, 1952. *Resuelto:* Septiembre 19, 1952.

*Guillermo Bauzá,* abogado de la recurrente, única compareciente.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

El 13 de diciembre de 1950, el obrero José Rafael Tirado radicó ante la Comisión Industrial de Puerto Rico una petición de compensación por las heridas recibidas al caerse de una palma mientras tumbaba cocos de la misma. La petición fué dirigida contra Doña Mariana Romero Santiago, patrono no asegurado, quien fué la que empleó al obrero para tumbar los cocos pagándole un jornal de cincuenta centavos por cada cien cocos que tumbara. Previos los procedimientos de rigor, se celebró la vista del caso el día 9 de octubre de 1951 y por el resultado de la prueba aducida en la misma, se dictó resolución el día 15 de noviembre de 1951 encontrando probados la Comisión Industrial los siguientes hechos:

Dª Mariana Romero Santiago es esposa de Don Antonio Pérez Amigo, quien es dueño de una finca como bien privativo suyo. Doña Mariana actuaba como agente o representante de su esposo en el negocio de venta de cocos producidos en esa finca. El día de autos Otilio Rodríguez Dones le salió a comprar a Doña Mariana un ciento de cocos y no habiendo tumbados, se envió al obrero Jesús Rivera a buscar un tumbador, trayendo éste a José Rafael Tirado. Cuando ya éste había tumbado como noventa cocos, se cayó de la palma sufriendo varias lesiones. Concluyó también la Comisión que ese día se encontraban en la finca haciendo carbón dos personas; que ese carbón se hacía a medias con la patrona, "pero que las chimbas se hacían esporádicamente, cuando se encontraba la leña necesaria..."

Bajo esas conclusiones, resolvió la Comisión que la patrona empleaba tres obreros y que, por ende, estaba obligada a asegurarse. Ley de Compensaciones por Accidentes del Trabajo, Ley núm. 45 de 18 de abril de 1935 ((1) pág. 251), según ha sido enmendada.(1)

---

(1) El artículo 2 de dicha ley dispone en su segundo párrafo que "Esta Ley será aplicable a todo patrono que emplee tres (3) o más obreros o empleados comprendidos en esta Ley, . . ."

Solicitada la reconsideración de dicha resolución, la Comisión Industrial resolvió "no haber lugar" a la misma, radicando entonces la patrona oportunamente este recurso de revisión.

Son tres los errores que alega la recurrente fueron cometidos por la Comisión Industrial, a saber:

1º La Comisión Industrial cometió error al resolver que Doña Mariana Romero Santiago era un patrono que debió asegurarse.

2º La Comisión Industrial cometió error al resolver que Doña Mariana Romero Santiago obligó con sus actos que dió por probados a su esposo Antonio Pérez Amigo y a pesar de dar por probado que la propiedad es bien privativo de él.

3º Cometió error la Comisión Industrial al resolver que la

---

Este artículo lee en su parte pertinente como sigue:

"Artículo 2.—(Según quedó enmendedado por la Ley núm. 8, aprobada en 12 de abril de 1948 y por la Ley núm. 160 de 30 de abril de 1952.) Las disposiciones de esta Ley serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muerte derivadas de la ocupación, según se especifican en el artículo siguiente. Se exceptúan expresamente aquellos obreros y empleados dedicados al servicio doméstico y aquellos cuya labor sea de carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación de su patrono y además aquellas personas que trabajen en sus domicilios.

"Esta Ley será aplicable a todo patrono que emplee tres (3) o más obreros o empleados comprendidos en esta ley, cualquiera que sea su salario; Disponiéndose, que aquellos patronos que emplearen de uno a dos obreros o empleados pueden, motu proprio, si así lo creyeren conveniente, solicitar del Administrador del Fondo del Estado que les asegure de acuerdo con las disposiciones de esta Ley; Y disponiéndose, además, que esta Ley será aplicable a los patronos que exploten canteras y el negocio de transporte terrestre de carga, independientemente del número de obreros que empleen. El Gobierno Insular y los diversos gobiernos municipales, juntas, comisiones, autoridades, instrumentalidades, corporaciones públicas y agencias de El Pueblo de Puerto Rico se considerarán como patronos y como tales serán comprendidos dentro de las disposiciones de esta Ley en cuanto a los obreros, empleados y funcionarios que utilicen, con excepción de los funcionarios nombrados por el Presidente de los Estados Unidos y los electos por el pueblo. Los bomberos municipales estarán incluídos en la palabra 'empleados municipales.' Si no devengan salarios, se estimará éste a razón de seis (6) dólares semanales a los efectos del cobro de la prima correspondiente y al pago de compensación en caso de accidente."

recurrente tenía un negocio de beneficios de venta de cocos que le obligaba a asegurarse.

De los tres errores señalados, la discusión del primero solamente ès suficiente para disponer del caso en favor de la recurrente. Veamos.

■■ La ley, como ya antes dijimos (véase escolio 1), es aplicable a todo patrono que emplee tres o más obreros o empleados *cubiertos* por la misma. El mismo artículo 2 de dicha ley dispone en su primer párrafo que "Las disposiciones de esta Ley serán aplicables a todos los obreros y empleados, que trabajen para los patronos a quienes se refiere el párrafo siguiente [entre otros a los que empleen tres o más obreros] que sufran lesiones... por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo. . . Se exceptúan expresamente aquellos obreros y empleados... cuya labor sea de carácter accidental o casual y no esté comprendido dentro del negocio, industria, profesión u ocupación de su patrono..." (²) De manera que para que la ley le sea aplicable a un patrono tiene éste que tener empleados, por lo menos, tres obreros y que los tres estén "comprendido en esta Ley" (*covered by this Act*, dice el texto en inglés), o sea, que ninguno de los tres esté exento por las disposiciones de la misma. De suerte, que si encontramos que uno de los tres obreros envueltos en este caso cae dentro de la exención resulta claro que la ley no sería aplicable a Doña Mariana Romero Santiago y que ésta no venía obligada a asegurarse por lo que sería errónea la resolución de la Comisión Industrial ordenando al Administrador del

---

(²) El artículo 38 de la Ley en su primer párrafo lee como sigue:

"Artículo 38.—Se entiende por 'obrero' o 'empleado' toda persona al servicio de cualquier individuo, sociedad o corporación que emplee regularmente obreros comprendidos bajo las disposiciones de esta Ley; *Disponiéndose*, que se excluyen expresamente los obreros y empleados dedicados al servicio doméstico y aquéllos cuya labor sea de un carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación, aquéllos que trabajen en sus domicilios, y los de patronos exentos de las obligaciones de esta Ley."

Fondo del Seguro del Estado que procediese a cobrar a la patrona el montante que arroje la liquidación del caso. (³)

Ya hemos visto que por los términos expresos de la ley, están exentos de la misma aquellos obreros cuya *labor* sea accidental o casual y que no esté comprendida dentro del negocio del patrono. *De Castro* v. *Comisión Industrial*, 72 D.P.R. 666. Por lo tanto tenemos que determinar si la labor, ya sea la labor de los carboneros o ya la del tumbador de cocos, era accidental o casual y no estaba comprendida dentro del negocio de la patrona. Si resolvemos que la labor de los carboneros era accidental o casual y además que no estaba comprendida dentro del negocio de la patrona, huelga discutir la misma cuestión en cuanto al tumbador de cocos.

■■ Por los términos expresos de la ley se exceptúa, repetimos, al obrero cuya labor sea incidental o casual y no comprendida dentro del negocio del patrono. La cuestión es, pues, si la *labor* es casual, no si el obrero o empleado es casual. *Cf. Flynn* v. *Carson*, 42 Ida. 141, 243 P. 818; *Schneider, Workmen's Compensation Law*, Vol. 1 (2da. edición), pág. 251. ¿Era casual la labor de los carboneros? La propia Comisión Industrial nos dice que sí, en su resolución de la cual copiamos: "No hubo prueba de que la supuesta patrona empleara obreros regularmente, sino que ese día, se empleó a este obrero con el fin indicado, y además se encontraban en la finca, haciendo carbón, dos personas de nombre Isidro Vázquez Cosme y Sergio Arpen Casillas; que ese carbón se hacía a medias, pero que las chimbas se hacían *esporádicamente, cuando se encontraba la leña necesaria;...*" (Bastardillas nuestras.) Bajo esas conclusiones de hechos, que están am-

---

(³) La Comisión Industrial resolvió, que Da. Mariana Romero Santiago actuaba como agente o representante de su marido, mas sin embargo, ordena al Administrador del Fondo del Seguro del Estado que liquide el caso y proceda a cobrarle a ella como patrona no asegurada. A pesar de la aparente inconsistencia de ambas posiciones, la recurrente no discute la cuestión en toda la amplitud necesaria, sino que más bien hace referencia a ello de un modo indirecto. Siendo ello así, y resultando que la discusión del primer error es suficiente para revocar la resolución recurrida, nos abstendremos de discutir ese problema en sus méritos.

pliamente sostenidas por la prueba, es forzoso concluir que la labor de los dos carboneros era casual e incidental. La Corte Suprema de Massachusetts, en el caso *In re Gaynor*, 104 N.E. 339, nos dice que la palabra "casual" en "su significación ordinaria, según enseñan los lexicógrafos, es algo que ocurre sin regularidad y es ocasional e incidental. Su significado puede ser comprendido más claramente refiriéndose a sus antónimos que son 'regular' 'sistemático', 'periódico' y 'cierto'."

 Queda por determinar si la labor de dichos carboneros está comprendida dentro del negocio del patrono, pues si está comprendida, los obreros están cubiertos por la ley irrespectivamente de si la labor es casual e incidental. *De Castro* v. *Comisión Industrial, supra; Caca* v. *Woodruff*, 123 N.E. 120 (Ind., 1919). En su resolución, dice la Comisión Industrial: "De acuerdo con lo resuelto por el Tribunal Supremo de Puerto Rico en *Atiles* v. *Comisión Industrial y Francisco González* (63 D.P.R. 597), interpretando los artículos 2, 19 y 38 de la vigente Ley de Compensaciones por Accidentes del Trabajo, esos dos obreros que se dedicaban a la fabricación o elaboración de carbón, a medias, son obreros dentro del significado del estatuto." Discrepamos. Los hechos del caso de *Atiles, Admor.* v. *Comisión Industrial*, 63 D.P.R. 597, se distinguien de los del presente. Allí el obrero se dedicaba los sábados y los domingos a hacer carbón en una finca propiedad de los hermanos Becerra Pastor. Los demás días los dedicaba a trabajar en una pequeña finca de su propiedad. Los dueños de la finca aportaban la leña y el obrero hacía el carbón, el cual, una vez fabricado, se distribuía en la proporción de dos terceras para el obrero y una tercera para los dueños de la finca. El obrero sufrió un accidente mientras se dedicaba a ese trabajo. Para esa fecha, como no había caña, los patronos, a través de su representante, estaban explotando la industria de fabricación de carbón en conexión con la de aserrar maderas, empleando varios obreros en la industria de fabricación de carbón. Se

trataba pues en ese caso de un verdadero negocio dentro del significado del estatuto. Aquí, sin embargo, la fabricación del carbón era incidental, no estaba conectada con ninguna otra actividad de la patrona, ni era la ocupación habitual o regular de ella.[4] Schneider, en su obra citada, supra, a la página 235, cita el caso de *Mash* v. *Groner*, 258 Pa. 473, 102 Atl. 127, donde se dice al efecto:

"Cuando el negocio de uno es de conocimiento general nadie puede dudar en cuanto al mismo. Tendría que ser una persona muy excepcional—no sabemos de qué otra manera pudiéramos describirla—que no entendiera que se refiere a la ocupación *habitual* o *regular* a que el interesado estaba dedicado con miras a ganarse su subsistencia o realizar alguna ganancia. Estos objetivos están necesariamente sobreentendidos cuando se habla del negocio de uno. Elimínese la subsistencia y la ganancia y ya no es negocio y sí diversión, lo que nadie puede confundir con negocio. Lo que hemos dicho en cuanto a lo que se entiende de ordinario por la palabra negocio es justamente lo que Webster define como, 'una determinada ocupación o empleo en que uno se ocupa habitualmente para ganarse su subsistencia u obtener ganancias.' " (Bastardillas nuestras.)

Las decisiones de las cortes estatales se pronuncian casi unánimemente en el sentido de que la actividad a que se dedica una persona debe ser llevada a cabo habitual y regularmente para que constituya negocio. Véase al efecto *State* v. *District Court*, 138 Minn. 103, 164 N.W. 366, donde se dice que la palabra negocio "debe tener el mismo significado general con respecto al trabajo o vocación de un patrono que el que tienen las palabras 'industria, profesión u ocupación'; por lo tanto debe referirse a la vocación ordinaria del patrono y no a cualquier trabajo ocasional, incidental o insignificante que

---

[4] La Comisión Industrial resolvió que la supuesta patrona se dedicaba al negocio de venta de cocos, aunque en pequeña escala, y que tal negocio no constituía su principal ingreso. Del récord se desprende que ese negocio de cocos producía un beneficio de unos $54 al año; que la recurrente ni su esposo se dedicaban a otras fases de la agricultura en la pequeña finca de dos y media cuerdas de terreno que poseían, ni que dedicaran parte sustancial de su tiempo a la administración de dicha finca.

él pueda hacer." Véanse también *Osttie* v. *H. F. Dirks & Son*, 248 N.W. 283; *Dial* v. *Coleman's Lunch*, 251 N.W. 33; *Glidden Rural Elec. Co-op.* v. *Iowa Employ. Sec. Com'n.*, 20 N.W. 2d 435; *State* v. *District Court*, 164 N.W. 366; *Kaplan* v. *Gaskill*, 187 N.W. 943; Anotación 50 A.L.R. 1176.

Si bien la patrona obtenía ganancias de esa actividad, ella no estaba habitual o regularmente ocupada en la misma, sino que ello ocurría "esporádicamente, cuando se encontraba la leña necesaria."

Habiéndose cometido ese error, es innecesario considerar los demás errores levantados por la recurrente.

*Debe revocarse la resolución de la Comisión Industrial y desestimarse la petición radicada por el obrero.*

El Juez Presidente Sr. Todd, Jr., no intervino.