BELÉN PHILLIPPI VDA. DE ALFONZI, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; ELADIO DÁVILA VÁZQUEZ, lesionado.

*Número:* C.I.-66-18 · *Resuelto:* 20 de diciembre de 1966

*Jorge Benítez Gautier,* abogado del recurrente; *Donald R. Dexter,* abogado del Administrador del Fondo del Seguro del Estado.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La recurrente es dueña de un edificio de tres apartamientos. Ocupa uno y alquila los otros dos. En el solar hay un jardín. Acostumbraba hacer limpiar el jardín cada tres meses. Arreglar el jardín requería dos o tres días de trabajo. Desde hacía muchos años la labor la realizaba el jardinero Eladio Dávila. En ocasiones, cuando éste no se presentaba, contrataba a otro obrero. El 9 de mayo de 1960 mientras Dávila trabajaba en el jardín, sufrió un accidente fracturándose una cadera. La recurrente no tenía póliza del Fondo del Seguro del Estado. El Fondo, sosteniendo que el obrero sufrió un accidente del trabajo, declaró a la recurrente patrono no asegurado. La Comisión Industrial sostuvo esa determinación. Acordamos revisar esa resolución.

La recurrente nos pide revoquemos la resolución recurrida, ya que se requiere la concurrencia de dos requisitos para que un accidente sea compensable: que la labor no sea accidental o casual, y que esté comprendida dentro del negocio, industria, profesión u ocupación del patrono.

Dispone el Art. 2 de la Ley de Compensaciones a Obreros, 11 L.P.R.A. sec. 2, que se exceptúan de sus disposiciones "aquellos obreros y empleados cuya labor sea de carácter accidental o causal [*sic*] . . . ."

La Comisión determinó, como cuestión de hecho, que el jardín se arreglaba periódicamente aunque fuera por distintos obreros. En *Arraiza Iglesia* v. *Comisión Industrial*, 85 D.P.R. 14 (1962) ratificando a *Romero* v. *Comisión Industrial*, 73 D.P.R. 805 (1952) "señalamos que la cuestión a determinarse es si la labor es casual, no si el obrero o empleado es casual, o sea, si ésta ocurre sin regularidad, ocasional e incidentalmente; y para comprender más claramente el concepto [casual] nos referimos a sus antónimos que son 'regular', 'sistemático', 'periódico', y 'cierto'." Como expresamos en *Romero* "La cuestión es, pues, si la *labor* es casual no si el obrero o empleado es casual."

Aquí se estableció que el jardín se arreglaba periódicamente, regularmente. "Esta periodicidad, continuidad y recurrencia del trabajo elimina las características de accidental o casual." *Bustelo* v. *Comisión Industrial*, 85 D.P.R. 582 (1962). El hecho de que no siempre fuera la misma persona la que realizaba el trabajo, no destruye el concepto de regularidad en llevar a cabo la labor. La ley exige que el patrono mantenga una póliza para proteger no a un determinado obrero o grupo de obreros sino para proteger a cualquier obrero que realice determinado trabajo. Sólo exceptúa aquellos casos en que el *trabajo* es casual, pero aquí se estableció, y esto es lo normal en esta clase de trabajo, que el jardín se limpiaba periódicamente. En verdad se frustraría la protección que la ley quiso dar, si determináramos que un obrero no estaba cubierto por la misma, por el hecho de que distintos obreros en diferentes ocasiones realizaban el mismo trabajo.

En cuanto al requisito de que la labor debe estar comprendida dentro del negocio, industria, profesión u ocupa-

ción del patrono, en *Bustelo* resolvimos la compensabilidad de un accidente sufrido por un obrero que realizaba la misma labor que el lesionado en el caso de autos.

Bien consideremos que la recurrente tenía un negocio de alquiler de apartamientos y que era necesario mantener el jardín en buenas condiciones como medio para atraer inquilinos, o que al contratar al obrero para arreglarlo no perseguía fines de lucro, el arreglo del jardín "llevaba a la familia que allí moraba, el placer y la satisfacción que ofrece todo jardín bien cultivado y atendido. En esas condiciones en todas las ocasiones en que [Dávila] se encontraba en su labor de jardinero. . . era un empleado dedicado al servicio doméstico de esa casa, aun cuando se albergara fuera de ella, al igual que los demás sirvientes y criados de su hogar, dentro del amplio o lato sentido del término 'servicio doméstico.' [1]. . . La ley, sin distinción alguna, ofrece protección en sus Arts. 2 y 38 a los empleados domésticos." *Bustelo* a las págs. 591 y 592.

*Se confirmará la resolución recurrida.*

---

[1] Riesgo Sirviente y Empleado, clave 0912-011.