DECISION AND JOURNAL ENTRY
Appellant, Lisa Zurcher ("Mrs. Zurcher"), appeals from a grant of summary judgment rendered against her and in favor of Motorists Mutual Insurance Company ("Motorists Mutual") and State Farm Automobile Insurance Company ("State Farm"). This Court affirms in part and reverses in part.
On August 25, 1997, Mrs. Zurcher's husband, Ronald Zurcher, was killed when the automobile he was driving was struck by a dump truck operated by Lawrence R. Jones.
Jones was employed by Wayne Miller Sons, dba Wayne Miller Roofing. The dump truck was owned by Joseph Miller. Jones had rented the truck for the weekend from Miller to do a side roofing job. On the date of the accident, Jones was driving the dump truck to a landfill to dump old shingles he acquired in his side job that weekend.
Jones was insured by State Farm at the time in question. The dump truck was insured by Progressive Preferred Insurance Company ("Progressive"). Mrs. Zurcher had a policy of insurance with Motorists Mutual that provided uninsured/underinsured (UM/UIM) insurance coverage.
Mrs. Zurcher filed a declaratory judgment action against several defendants, including Motorists Mutual and State Farm, seeking a declaration of the rights and obligations of the parties pursuant to various insurance contracts. Mrs. Zurcher claimed that she is entitled to underinsured motorists benefits from Motorists Mutual and State Farm.
Motorists Mutual filed a motion for summary judgment claiming that, since their policy limit for UM/UIM coverage was equal to the amount of coverage under Jones' policy with Progressive, Mrs. Zurcher was not entitled to UM/UIM coverage.
State Farm also filed for summary judgment on the basis of an exclusion for non-owned vehicles "used in any business or occupation." Mrs. Zurcher filed a brief in opposition, and for summary judgment in her behalf against Motorists Mutual. The trial court granted summary judgment in favor of both insurance companies.
Mrs. Zurcher has appealed, raising two assignments of error.
Assignment of Error No. 1
 The trial court erred by granting summary judgment on behalf of defendant/appellee State Farm Mutual Automobile Insurance Company[.]
 In her first assignment of error, Mrs. Zurcher argues that the trial court erred in finding that the business exclusion applied. This Court disagrees.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Under State Farm's policy with Mrs. Zurcher, there is no coverage for non-owned cars "WHILE * * * USED IN ANY OTHER BUSINESS OR OCCUPATION." The issue before this Court is whether this exclusion applies. Mrs. Zurcher argues that this exclusion does not apply because Jones was not working for Miller when the accident occurred and the exclusion only applies to Jones' principal employment. In the alternative, Mrs. Zurcher argues that the exclusion is ambiguous. This Court rejects both arguments.
Although business or occupation is not defined in the policy, the fact that a policy does not define a term does not make it ambiguous. ChicagoTitle Ins. Co. v. Huntington Natl. Bank (1999), 87 Ohio St.3d 270, 273
quoting Nationwide Mut. Fire Ins. Co. v. Griman Bros. Farm (1995),73 Ohio St.3d 107, 108. The usual usage of the term relates "`to the habitual or regular occupation that the party was engaged in with a view to winning a livelihood or some gain.'" Dewey v. Niagara Fire Ins. Co.
(1968), 16 Ohio Misc. 297, quoting Marsh v. Groner (1917), 258 Pa. 473.
There is no dispute in the fact that Jones was employed by a roofing company and had rented his employer's dump truck to do a side job for his own economic benefit. The only dispute is whether this side job constitutes "any business or occupation" so as to exclude coverage under State Farm's policy.
This Court finds that the policy is clear and unambiguous. "Any other business or occupation" means any habitual or regular occupation or business pursuit, not just the insured's primary employment or business. Mrs. Zurcher's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court erred by granting the motion for summary judgment on behalf of defendant/appellee Motoristss Mutual Insurance Company[.]
In her second assignment of error, Mrs. Zurcher contests the trial court's ruling that she is not entitled to UM/UIM coverage under her policy with Motorists Mutual. After the trial court's ruling in this matter, the Ohio Supreme Court decided Wolfe v. Wolfe, (2000),88 Ohio St.3d 246. In Wolfe, the Supreme Court held that every automobile liability insurance policy has, at a minimum, a guaranteed two-year policy period and mandatory two-year periods beyond the first two years following initiation of coverage. The statutory law in effect on the date of issue of each new policy is the law to be applied in determining UM/UIM coverage.
Because there is insufficient evidence in the record to determine when the original policy with Motorists Mutual was initiated, this Court cannot properly determine whether Mrs. Zurcher is entitled to UM/UIM coverage. Consequently, Mrs. Zurcher's second assignment of error is sustained and the case is remanded to the trial court to apply Wolfe to the particular dates of the policies.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR